The plaintiff testified that during the year 1885, and since, he was doing business in Richmond, Va., as dealer in leaf tobacco for the manufacture of cigars, and that during said time the defendant (28) Erdmann was doing business in New Bern, N.C. That on or about 28 November, 1885, the plaintiff received from said defendant a postal card as follows: "NEW BERN, 27 November, 1885.
"DEAR SIR: — Are you still in the leaf business? If so, send me sample of some binders, good stock, and samples of Havana and Havana wrappers, if you have some real nice stock on hand. You may also send me samples of Hustorick wrapper, if you have nice goods.
"Yours, etc., C. ERDMANN."
To which plaintiff replied as follows:
"December 1, 1885.
"DEAR SIR: — In reply to yours of the 27th, I have sent you the following samples, per express:
"Veg. 20 Havana @ $1.10; do genuine V. A., @ $1.25; 6 do wrappers, @ $1.25; 876 No. 488-89 wrappers, @ $1.25; 242 No. 466-86 wrappers, @ 35c; 151 No. 483-83 wrappers, @ 35c; 11 No. 486-86 binders, @ 12c; 16 No. 487-87 do, @ 12c.
"Terms, 3, 4 and 5 months notes. I have put these goods down very low, and hope to receive your order as I feel sure the goods will give you entire satisfaction. Awaiting your prompt reply, I remain,
"Yours, etc., CHAS. MILLHISER."
Not hearing from Erdmann in the meantime, the plaintiff, on 13 December, 1885, sent to him a letter, as follows:
"Please let me hear from you in regard to samples `leaf' sent you 1 December, from which I hope you have been able to make a selection. Trusting to hear from you, and soliciting your kind (29) favors, which shall have prompt and best attention.
"Yours, etc., CHAS. MILLHISER."
That Erdmann received the samples in due course, and also the letters above set out, and on 27 December, 1885, the plaintiff received a letter from Erdmann as follows: *Page 42 
"NEW BERN, December 25, 1885.
"DEAR SIR: — You can send me the following goods: Case 242 and 151, the two best bales Havana No. 16 and 6; and the binders I don't like, I must have better ones; if you have better, you may send me one case, and I would like to have a nice case of cheap cigars at about $10 per thousand, put up 50 in a box.
"Hoping business is good with you, I am, etc.,
"C. ERDMANN."
"P. S. — You send the tobacco; be sure and give me weight for government book."
That on 28 December, 1885, the plaintiff mailed to Erdmann the following letter, which contained the invoice and the three promissory notes therein mentioned, all of which were received:
"DEAR SIR: — Your favor 25th received, and I hand you enclosed invoice of two cases wrappers and two bales Havana, shipped by steamer as per your order. Am sorry the binders do not suit you. As I do not handle any Penn. cigars I turn your order over to Messrs. H. Brownheld Bro., who said they would send you samples.
(30) "Enclosed I hand you three notes at three, four and five months, which please make payable at your bank and return signed, in settlement, at earliest convenience, and oblige.
"Yours truly, CHAS. MILLHISER."
On the same day the plaintiff shipped by steamboat the tobacco as set forth in the letter, and it was admitted that the same was duly received by Erdmann, and that the value thereof was as stated in the complaint, to wit, four hundred dollars.
The defendant Erdmann did not execute and send to plaintiff his notes, and on 16 January, 1886, the plaintiff received from said defendant a postal card as follows:
"DEAR SIR: — I just received the goods; send drafts to acceptance, as long time on them as possible. I will accept and return; that is the way I do with the rest of the dealers.
"Yours truly, C. ERDMANN."
On the same day the plaintiff replied:
"DEAR SIR: — Your favor of the 15th is received, and in reply will say that when I sent you samples I wrote you on 1 December, giving you price and terms, notes at three, four and five months. It is with this *Page 43 
understanding you ordered the goods, and on these terms I shipped the goods. More than half your bill is Havana, on which the duty is 35 cents per pound, and must be paid in cash before goods can be removed, and the balance of time is never over ninety days on Havana, but I have put all this in your bill as charged upon at three, four, and five months, which is an average of four months time to all; but you can either send me the notes at three, four, and five months or, if you prefer, you may make five notes at two, three, four, five and six months from date of shipment, 28 December. This is the best I can do; (31) I cannot regulate my business by what some other houses do. The regular terms of some of the best and largest New York firms are four months notes on seed leaf, and duty cash and ninety days note for balance on Havana tobacco, but I gave you more liberal terms; I gave you prices and terms, as per my letter of 1 December, at three, four and five months notes, and it was on these terms you bought the goods, and you should make settlement accordingly; but I enclose you five notes at two, three, four, five and six months, and you can take your choice, either send the first three notes or these five notes, which I trust will be satisfactory; but if you are not satisfied, you will please return me the entire lot of goods and send me shipping receipts, and oblige.
"Yours, etc., CHAS. MILLHISER."
That Erdmann did not reply to this letter, and did not send his notes as therein requested, nor any notes. Plaintiff, failing to get the notes or a return of the tobacco, came to New Bern, and on 7 February, 1886, made a demand on W. W. Clark, and all the defendants, for the tobacco aforesaid, the delivery of which was refused.
It was admitted that the tobacco was in the actual possession of the defendant John Schissler at the time of demand.
Plaintiff further testified that he had contracted to sell the tobacco for the negotiable promissory notes of the defendant Erdmann, as set forth in the above correspondence, and only on the terms therein stated, and that said defendant had not complied with said contract; that said notes, such as taken in the course of trade, are of value to the plaintiff as commercial paper.
The defendants introduced the following evidence:
An assignment of defendant Erdmann of a stock of goods, (32) which included the said lot of tobacco, to W. W. Clark, for the benefit of creditors, recorded on 28 January, 1886; that said assignee at once took charge of said stock and placed it in the hands of defendant Schissler as his agent. It was admitted that no part of the contract for the purchase of said tobacco was ever registered. *Page 44 
The defendant introduced a bill for the goods in controversy, which was sent to the defendant C. Erdmann at the time of the shipment of the goods by the plaintiff, of which the following is a copy:
All sales not settled in ten days from date of purchase subject to draft with current exchange on New York or Richmond.
All settlements of accounts to be] [All claims must be made within five made direct with the firm. ] [ days after receipt of goods.
RICHMOND, VA., Dec. 28, 1885.
MR. C. ERDMANN, New Bern, N.C.
Bought of CHAS. MILLHISER.
 Manufacturer of Fine Cigars, Packer of Seed Leaf, and Importer of Havana Tobacco.
Interest will be charged on all accounts not paid at maturity.
Terms: 3, 4 and 5 Mos. Notes. No. 15 So. 13th Street.
1 Case Wrappers, No. 151, 483 — 83==400 lbs., @ 33 $132.00 1 Case Wrappers, No. 242, 466 — 86==380 lbs., @ 35 133.00 1 Bale Hav., Vega, 16, No. 1,077, No. 120 — 13==107 lbs., @ $1.15 123.05 1 Bale Hav., Vega. 6, No. 1,055, No. 134 — 13==121 lbs., @ 1.25 151.25 Drayage, .50 ------ O. D. Line, via Norfolk. $539.80
The defendant insisted that an issue should be submitted to the jury as to the waiver of the condition upon which the goods were agreed to be sold arising from the delivery of the goods to the defendant Erdmann by the plaintiff, before the performance of the condition and the circumstances attending the delivery. The court held that there (33) was no question of fact for the jury, and gave judgment for the plaintiff. The defendants excepted and appealed.
This cause was before this Court at the September Term, 1887 (98 N.C. 293). A new trial was then awarded the plaintiff, and the Court said: "No sale of the tobacco was consummated or made effectual under the contract. There was only an agreement to sell, which was not perfected. The plaintiff did not agree or intend to part with his tobacco until he received the notes, and Erdmann had no right to expect to get title to it until he sent the notes."
The case comes up now on the defendants' appeal; but the facts are precisely the same as those stated in the former case, except that a copy *Page 45 
of the account rendered, including billheads, by the plaintiff, and dated 28 December, 1885, is put in evidence. It is plain, as decided by this Court, that the letters of the parties, written 1 December, 25 December, and 28 December, 1885, and two of 16 January, 1886, establish a contract between the parties, slightly modified by the indulgence of the plaintiff, extended at the defendant's request, but still an agreement assented to by both, that the contract should be complete so as to pass title to the tobacco on the return to the plaintiff of the notes signed by the defendant. We cannot agree that the plaintiff shall be bound, and this express contract abrogated or varied by implication arising out of a note at the top of his billheads, especially when the defendant agreed to sign the drafts, but did not in any way signify his assent to the terms printed at the head of the bill, and was in no way bound by a proposal to buy on such terms.
If there had been no correspondence in reference to terms, (34) and the goods had been ordered, shipped and received, with no allusion to the time and manner of payment except that contained in the account rendered, we would have deemed it our duty to give grave consideration to the argument of the learned counsel for the defendant and the authorities cited by him.
No error. Affirmed.
Cited: R. R. v. Barnes, 104 N.C. 27; Guano Co. v. Malloy, ibid., 679;Duval v. R. R., 161 N.C. 448; McCullers v. Cheatham, 163 N.C. 64; Myersv. R. R., 171 N.C. 192.